UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN DEMETRIUS JACKSON,<br><br>                        Petitioner,<br><br>vs.<br><br>P. D. BRAZELTON, Warden, et al.,<br><br>                        Respondent. | Civil No.   12CV2479-BEN BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner proceeding pro se, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The request for appointment of counsel is denied.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at

728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d at 573 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Because these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court. Here, Petitioner has sufficiently represented himself to date. From the face of the Petition, filed pro se, it appears that Petitioner has a good grasp of the case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). At this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

///

The Court also notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655, 661 (8th Cir. 1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that the district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). Here, Petitioner challenges his conviction on the basis of ineffective assistance of counsel (referring to Petitioner's counsel at trial, motion for new trial, and on appeal), the prosecution's failure to meet its burden of proof on a claim, the resulting miscarriage of justice and violation of constitutional rights given Petitioner's innocence, and the admission of false physical and testimonial evidence. (Doc. No. 1.) In his Petition, Petitioner has included excerpts from the court clerk's transcripts and the court reporter's transcripts from his San Diego Superior Court Case No. 279551. *Id*. Petitioner also included a copy of appellate counsel's opening brief from his Court of Appeal Case No. D054178. *Id*. At this stage of the proceedings, the Court determines it will be able to properly resolve the issues involved based on the complete state court record.

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); *Bashor*, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file a responsive pleading.

Accordingly, because Petitioner is not required to file further briefing, his claim of his inability to focus and consequent need for counsel is without merit. In the event the Court invites Petitioner to file a motion to amend his petition, the Court is confident that he will adequately raise each claim for relief as he has done so to date. Petitioner also claims counsel should be appointed because he was not able to go to the law library and did not receive his legal documents. The Court, however, already addressed this issue by ordering

an extension of time to file a traverse. (Doc. No. 17).  Appointment of counsel is not necessary for the delay.

While the assistance counsel provides is valuable, "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Knaubert*, 791 F.2d at 729 (citing *Sumner v. Mata*, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)).[1] Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record and render an independent legal conclusion." *Id.*  Moreover, because the Court does not appoint counsel, it must "inform itself of the relevant law.  Therefore, the additional assistance provided by attorneys, while significant, is not compelling." *Id.*

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel at this time.  Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  June 24, 2013

**Hon. Bernard G. Skomal**
**U.S. Magistrate Judge**
**United States District Court**

---

[1] When a pro se petitioner presents a palpable claim that state court factual findings are erroneous, this Court properly exercises its discretion to hold an evidentiary hearing.  In such circumstances, counsel will be appointed.  See Rule 8, 28 U.S.C. foll. § 2254. Petitioner has not made such a showing in this case.